

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| WILLIE EDWARD NICHOLS, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION 3:22-1665-MGL-PJG |
| SECURITAS SECURITY SERVICES USA, | § | |
| INC., | § | |
| Defendant. | § | |

---

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,**
**AND DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

---

Defendant Willie Edward Nichols (Nichols), who is representing himself, filed this job discrimination action against his former employer, Securitas Security Services USA, Inc. (Securitas). Nichols raises claims of race, sex, and age discrimination pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e et seq.; the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 et seq.;  and the South Carolina Human Affairs Law, S.C. Code Ann. §§ 1-13-10 et seq.; as well as a violation of the Equal Pay Act of 1963, 29 U.S.C. § 206(d).

The Court has already filed an Order adopting an earlier Report and Recommendation and granting Sucuritas's partial motion to dismiss Nichols's Americans with Disabilities Act (ADA) and retaliation claims.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Securitas's motion for summary judgment be granted and

Nichols's  motion for judgment on the pleadings be denied.  The Report was made in accordance

with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has

no presumptive weight.  The responsibility to make a final determination remains with the Court.

*Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo

determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or

recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 17, 2023, Nichols filed his objections on

September 1, 2023, and Securitas filed its reply on September 15, 2023.  Thereafter, without seeking

permission, Nichols filed a sur-reply on October 4, 2023.  The Court has reviewed the objections and

sur-reply, but holds them to be without merit.  It will therefore enter judgment accordingly.

In Nichol's objections, he sets out several complaints, which the Court will briefly address

here.

First, he complains of his "black male supervisor['s] . . . . "unprofessional and disrespectful

demeanor[.]" Objections at 2.  He fails, however, to present any argument how this had anything to

do with his lawsuit claims here.  And, "the conduct of jerks, bullies, and persecutors is simply not

actionable under Title VII unless they are acting because of the victim's [protected status]." *Wasek*

*v. Arrow Energy Serv., Inc*., 682 F.3d 463, 467 (6th Cir. 2012). Thus, the Court will overrule this

objection.

Second, he complains about the following:

> the actions by the site supervisor was an attack on my ability to see if
> I would continue to work under extreme adverse working condition
> with my disability, forced to set on a round steel stool without back
> support or stand for and hour, forced a forty hour a week scheduled
> with no regard to my request for lesser hours, [due] to my failing

> health and the stress of working with a supervisor with a mean
> characteristic which by law on his behavior toward co-employee was
> in a discriminatory manner, especially when management were aware
> of his conduct with no course of action to correct him, the manner of
> knowing that I have a disability and not assist nor arranging any
> accommodation for a disabled co-worker employee me, then a refusal
> to grant a senior citizen request for lesser hours.

Objections at 2. Besides the complaints about his supervisor's alleged misbehavior, which the Court

dealt with above, the rest of this objection appears to be directed mostly at his ADA claim. But, as

the Court has already noted, it earlier dismissed that claim.

To the extent Nichol's claim regarding "a refusal to grant a senior citizen request for lesser

hour[ ,]" *id*., is directed at his age discrimination claim, he fails to allege the refusal was based on

the fact he is a senior citizen. For all these reasons, this objection will be overruled, too.

Later in Nichols's objections, he states "I am a senior citizen with a disability" *Id*. But again,

he fails to allege he was discriminated against because he is a senior citizen and, because the Court

has dismissed his ADA claim, his disability claim is inconsequential. Thus the Court will overrule

this objection, as well.

Also in Nichol's objections, he presents a mish mash of dates, pay rates, hours worked, and

arguments about being laid off, vacation days, other benefits, and purportedly being "promised the

position of supervisor." *Id*. 4-5. But, the Court is unable to say this information is helpful in

establishing any of his claims in this lawsuit. Therefore, the Court will also overrule this objection.

Throughout Nichols's objections, in conclusory fashion, he employs the term

"discriminatory" and "discrimination." But, each time, he fails to offer any support as to any

actionable discrimination. Thus, the Court will overrule those objections, too.

The remainder of Nichols's objections are so lacking in merit as not to require any

discussion. Hence, the Court will overrule those objections, as well.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Nichol's objections, adopts the Report, and incorporates it herein. It is therefore the judgment of the Court Securitas's motion for summary judgment is **GRANTED**, and Nichols's motion for judgment on the pleadings is **DENIED**.

**IT IS SO ORDERED**.

Signed this 13th day of November, 2023, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.